UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MELSON RAHEEN MATHIS,

                        Petitioner,

   -against-

UNITED STATES OF AMERICA,

                        Respondent.

------------------------------------------------------------X

14-CV-2222 (ARR)

OPINION AND ORDER

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

ROSS, United States District Judge:

Pro se petitioner Melson Raheen Mathis brings the instant motion challenging the conviction and sentence entered in this Court on December 7, 2005. Since Petitioner has already filed a prior motion under 28 U.S.C. § 2255 challenging the same conviction, this Court cannot consider the instant petition. The petition is hereby transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.

## BACKGROUND

On November 29, 2005, petitioner was sentenced in this court to 282 months of incarceration for the crimes of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). United States v. Mathis, 02-CR-891 (ARR). The United States Court of Appeals for the Second Circuit affirmed the conviction on November 29, 2007. United States v. Lytch, 255 F. App'x 600 (2d Cir. 2007). The United States Supreme Court denied his petition for a writ of certiorari on March 24, 2008. Mathis v. United States, 552 U.S. 1288 (2008).

On March 9, 2009, petitioner challenged his 2005 conviction and sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition was denied on the merits by Opinion and Order dated June 23, 2009. See Mathis v. United States, 09-CV-

1101(ARR), appeal dismissed, No. 09-3379-pr (2d Cir.) (Issued as Mandate, May 6, 2010). A subsequent petition challenging the conviction was dismissed on August 26, 2010. See Mathis v. United States, No. 10-CV-337 (ARR), 2010 WL 3463141 (E.D.N.Y. Aug. 26, 2010) (finding the petition to be time-barred and lacking in merit), appeal dismissed, No. 10-3703-pr (2d Cir.) (Issued as Mandate, April 20, 2011).

Petitioner filed the instant motion to vacate pursuant to § 2255 on April 4, 2014, challenging his sentence in light of the Supreme Court's recent decision in Alleyne v. United States, – U.S. –, 133 S.Ct. 2151 (2013).

## DISCUSSION

Title 28, Section 2255 of the United States Code provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The section contains several gatekeeping provisions, including strict requirements for bringing successive petitions:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, only the Court of Appeals, and not the District Court, may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." Gonzalez v. Crosby, 545 U.S.

524, 530 (2005).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119 (2d Cir. 1996) (per curiam). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen under this docket number.

SO ORDERED.

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
April 10, 2014

## SERVICE LIST

<u>Petitioner</u>
Melson Raheen Mathis
21289-057
Federal Correctional Institution
P.O. Box # 6001
Ashland, KY 41105